S00Y0379. IN THE MATTER OF W. BENNETT GAFF.
(524 SE2d 728)

PER CURIAM.

The State Bar filed a Formal Complaint, as amended, against

the respondent, W. Bennett Gaff, charging him with violating Standards 24 (lawyer shall not aid a non-lawyer in the unauthorized practice of law); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); and 73 (lawyer shall not allow a person who has been suspended or disbarred and who maintains a presence in an office where the practice of law is conducted by the lawyer, to represent himself or herself as a lawyer, or to have contact with persons who have legal dealings with the office either in person, by telephone, or in writing) of Bar Rule 4-102 (d). Gaff timely responded to the State Bar's allegations and, during the course of the proceedings, filed two separate petitions for voluntary discipline, each of which were rejected by this Court in Case Nos. S99Y1591 and S99Y0927. Following this Court's rejection of Gaff's second petition on May 14, 1999, an evidentiary hearing was held by the special master on June 17, 1999 at which the State Bar and Gaff presented evidence. Subsequently, on September 8, 1999, the special master filed his report and recommendation in which he found that Gaff violated Standards 24, 44 and 73 of Bar Rule 4-102 (d) and recommended the sanction of a one-year suspension with conditions for reinstatement. As neither Gaff nor the State Bar sought a Review Panel review of the special master's report as provided in Bar Rule 4-218, the original record was filed in this Court pursuant to Bar Rule 4-217 (c) and this disciplinary matter is now properly before the Court for determination.

In the instant case, Gaff, who lived and had a law office in Canton, Georgia, opened another law office in Fitzgerald, Georgia in 1996, in which he allowed Rick Ellis, a disbarred lawyer, to work as a paralegal. Although he received a warning from the State Bar about potential violations of Standard 73 arising from this situation, Gaff permitted Ellis to work unsupervised in his Fitzgerald office and failed to establish office procedures to insure that Ellis did not have contact with Gaff's clients. While he was working for Gaff, Ellis engaged in criminal misconduct, including forgery and theft. As a result of Ellis's actions and partially due to Gaff's own neglect, Gaff failed to deliver settlement proceeds to clients and failed to complete work he had agreed to do. In one case, a client who went to Gaff's Fitzgerald office for legal advice was allowed to meet with Ellis, as Gaff was not present. The client discussed his case with Ellis, provided him with various documents and paid him a $1,500 retainer, which Ellis failed to deposit in Gaff's lawyer trust account and instead misappropriated for his own use. Later, when the client met with Gaff and confirmed that he had discussed the case with Ellis, Gaff failed to inform the client that Ellis had been disbarred. Finally, when the client discharged Gaff, Gaff refused to refund that portion of the retainer fee which had not been earned.

In another matter, a couple retained Gaff to represent them in a

bankruptcy proceeding. However, despite their payment to Gaff of the agreed fee, Gaff failed to contact the clients' creditors as promised or take other action on their behalf. Subsequently, after the clients were injured in an automobile accident, Gaff sought to additionally represent them in this matter and had them sign a contingency fee agreement. Soon thereafter, Ellis began assisting the clients with the accident case when Gaff was not available. The clients were never informed that Ellis was a disbarred attorney. Ellis eventually informed the clients that he had collected a check in excess of $13,200 from the clients' insurance carrier for their property damage claim, had forged the husband's signature on the check and had taken it for his own use.

We have reviewed the record and hold that the special master was authorized to find that Gaff violated Standards 24, 44 and 73 of Bar Rule 4-102 (d). Although Gaff appears to have been himself victimized by Ellis's criminal activity, he had been warned by the State Bar of the potential ethical problems his employment of Ellis might engender, yet he failed to take any action to insure that Ellis had no contact with his clients. Further, Gaff failed to inform his clients that Ellis was a disbarred attorney. For these reasons, we conclude that the appropriate sanction is a one-year suspension from the practice of law with conditions for reinstatement. Gaff is hereby suspended from the practice of law for one year, as defined by Bar Rule 4-102 (b) (2). Prior to being allowed to resume the practice of law, Gaff must attend and complete Ethics School and must refund to Hubert Smith the sum of $500.

Gaff is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*One-year suspension, with conditions upon reinstatement. All the Justices concur.*